UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ORES AND MINERALS UK LTD

        Plaintiff,

vs.

SUEZ STEEL COMPANY

        Defendant.
------------------------------------------------------------------------X

Case No.

**VERIFIED COMPLAINT**

Plaintiff, ORES AND MINERALS UK LTD ("Ores" or "Plaintiff"), by and through undersigned counsel, and hereby files this Verified Complaint against Defendant SUEZ STEEL COMPANY (hereinafter "SSC" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant is located in the Southern District of New York.

## THE PARTIES

3. At all times material hereto, Plaintiff Ores was and still is a foreign company organized under the laws of the United Kingdom.

4. Upon information and belief, at all times material hereto, Defendant SSC was and still is a foreign company organized under the laws of Egypt.

1

## THE FACTS

5. At all times material hereto, Plaintiff was the shipper of a 27,425 MT of HBI Chips in bulk (hereinafter the "Cargo"), shipped onboard the M/V SEA BENEVOLENCE (hereinafter the "Vessel."). *A copy of the bill of lading is attached hereto as Exhibit 1.*

6. On or about April 15, 2021, Plaintiff entered into a contract to sell the Cargo to Defendant. *A copy of the contract is attached hereto as Exhibit 2.*

7. On or about July 10, 2021, Defendant requested an increase in the quantity of the cargo to be purchased. *A copy of the email requesting the increase is attached hereto as Exhibit 3.*

8. The contract for the sale and transportation of the cargo is a maritime contract. *See Exhibit 2.*

9. Pursuant to the maritime contract, inspection for quality was to be performed at load port to fix the chemical composition. *See Exhibit 2 at Article 2 and 3*

10. Pursuant to the terms of the contract, the buyer takes delivery of the cargo upon loading of the cargo onboard of the Vessel. *See Exhibit 2 at Article 18.*

11. Payment for the cargo was to be made through an irrevocable letter of credit issued seven (7) days from contract signature. *See Exhibit 2 at Article 13.*

12. On or about May 31, 2021, the National Bank of Egypt issued a standard letter of credit for payment of the cargo. There were six (6) subsequent amendments, with the final amendment being issued on or about October 10, 2021. *A copy of the Letter of Credit and All Amendments are Attached hereto as Exhibit 4.*

13. Before the cargo was loaded, it was tested and found to be within proper specification.

14. On or about October 10, 2021, the cargo was loaded on the vessel in Libya. *See Exhibit 1.*

15. Prior to arrival of the vessel at the discharge port in Adabeya, Egypt, the Defendants issued a letter of indemnity so that discharge could take place without production by the Defendant of the original bills of lading. *A copy of the letter of indemnity is attached hereto as Exhibit 5.*

16. On or about October 12, 2021, Plaintiff issued a commercial invoice to Defendant in the amount of USD 7,130,522.36 for the cargo loaded onboard the Vessel. *A copy of the commercial invoice is attached hereto as Exhibit 6.*

17. On or about October 17, 2021, after discharging of the cargo, Defendant improperly rejected the cargo in breach of the party's maritime contract.

18. Defendant had no grounds to reject the cargo. The contract does not permit the Defendant to reject the cargo on the basis of inspection performed at the discharge port as the cargo conformed to the requirements of the contract.

19. Plaintiff tendered documentation necessary to obtain payment for the cargo via the letter of credit issued by the National Bank of Egypt, however, the bank rejected same and refused to remit payment for the goods.

20. Demurrage was incurred by Plaintiff for Vessel delays totaling approximately USD 108,160 at the discharge port.

21. Due to Defendants breach of the sales contract, Plaintiff is now facing a claim of approximately USD 1,500,000 from the Owners of the performing vessel, M/V Sea Benevolence in arbitration proceedings taking place in London under the Charterparty.

22. Plaintiff has made efforts to re-sell the cargo given the non-payment by the Defendant in an effort to mitigate their significant damages, however, Defendant has refused to

provide the required authorization to re-export the cargo, and thus, the cargo continues to remain at the discharge port in Egypt and Plaintiff's damages continue to increase due to this breach.

23. Plaintiff has incurred significant Legal costs and Inspection charges in their efforts to mitigate their losses and obtain payment or necessary documentation for re-export.

24. Plaintiff had made numerous demands for Defendant to remit payment due for the cargo and demurrage charges incurred which amounts to USD 7,238,682.36, however, Defendant has refused, neglected, and/or otherwise failed to remit payment.

25. As a result of the failure to remit payment and take possession of the cargo, Plaintiff has also suffered significant lost profits of USD 11,695,000, as Plaintiff had multiple contracts in place at the conclusion of this sale which could not take place due to Defendant's failure to pay for the cargo in breach of the parties' agreement.

26. Defendant has failed, neglected, and/or refused to submit payment for the cargo and demurrage due and other significant damages due and owing under the contract in breach of the Parties agreement and caused Plaintiff to suffer significant losses as a result.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

27. Plaintiff restates and re-alleges paragraphs 1 through 25 in the above foregoing Verified Complaint.

28. Plaintiff's claim against Defendant for unpaid cargo, unpaid demurrage, related costs, and lost profits is a maritime claim.

29. This is an ancillary proceeding to secure jurisdiction over Defendant and obtain security for all damages arising out of Defendants breach of the maritime contract at issue in this matter.

30.     Plaintiff expects to recover the following amounts from Defendant for their breach of the maritime contract:

      a. Costs for Cargo: USD 7,130,522.36

      b. Inspection Charges: USD 21,624.56

      c. Demurrage: USD 108,160.

      d. Lost Profits: USD 11,695,000

      e. Pre-judgment interest: USD 789,891.52

      f. Estimated Counsel Fees: USD 400,000

      TOTAL: USD 19,745,198.44

31.     Plaintiff's total claim for cargo, demurrage, lost profit, and damages plus applicable interest, costs, and fees in the aggregate estimated to be no less than USD 19,745,198.44.

32.     Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of Melissa D. Russo attached hereto as Exhibit 7.*

33.     The Defendant does have within this District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named as garnishees in the process of maritime attachment and garnishment.

34.     Defendant has assets in the form of property in bank accounts maintained at National Bank of Egypt and JP Morgan Chase Bank located within the district.

35.     National Bank of Egypt is a corporation found within the District with an address at 40 E 52nd Street, 22nd Floor, New York New York 10022 and subject to service of process as a garnishee in this matter.

36.     JP Morgan Chase Bank is a corporation found within the District with an address at 4 New York Plaza, Floor 15, New York New York 10004 and subject to service of process as a garnishee in this matter.

37.     Prior payments by Defendant to Plaintiff have been remitted by Defendant from its accounts at these banks located within the District. *Id.*

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B.      That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.      That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of USD 19,745,198.44 and the proceeds of the assets attached be applied in satisfaction thereof;

D.      That the Court grant Plaintiff such other and further relief as it deems just, equitable

and proper.

Dated: April 12, 2022
       Oyster Bay New York

                                  Respectfully submitted,

                                  CHALOS & CO, P.C.

By:   */s/ Melissa Patzelt-Russo*
        Alan Van Praag, Esq.
        Melissa Patzelt-Russo, Esq.
        55 Hamilton Ave.
        Oyster Bay, NY 11771
        Tel: (516) 714-4300
        Fax: (516) 750-9051
        Email: avanpraag@chaloslaw.com
        Email: mrusso@chaloslaw.com

        *Attorneys for Plaintiff*
        *Ores and Minerals UK Ltd.*